IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| CAROL BELCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:07-CV-285 |
| | ) | |
| SERVICE CORPORATION | ) | |
| INTERNATIONAL, a/k/a SCI, | ) | |
| SCI MANAGEMENT CORPORATION, | ) | |
| and SCI TENNESSEE FUNERAL | ) | |
| SERVICES, INC., d/b/a | ) | |
| EAST LAWN FUNERAL HOME, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

Now before the court is plaintiff's motion in limine [doc. 44]. Also pending are seven motions in limine filed by defendants [docs. 45-51]. Each party has responded to the opposing parties' motions.

I.

Document 44

Two issues can be discerned from plaintiff's motion. First, she argues that the defense should not be permitted to introduce the text of 16 C.F.R. § 453.2 (the Federal Trade Commission's "Funeral Rule") because she claims to have not been given a copy of that rule either during her employment or during discovery. It is defendants' position that plaintiff's firing stemmed in part from her violations of the Funeral Rule.

Whether defendants provided plaintiff with a formal copy of the regulation during her employment does not appear relevant at this time, and plaintiff has not explained under what authority a litigant is required to "produce a copy of [a C.F.R.] section during discovery." [Doc. 44, p.3]. To the extent that plaintiff feels defendants' reliance on the Funeral Rule is pretextual, she is free to make that argument at trial.

Next, plaintiff asks that defendants be required, "when they are introducing their own internal documents as exhibits, to properly authenticate them." The court assures plaintiff that all parties in this case will be expected to comply with the Federal Rules of Evidence at trial. Plaintiff's specific request is therefore moot, and her motion in limine will be denied.

II.

Document 45

Defendants ask the court to exclude all evidence of plaintiff's breast cancer treatment in the years 2000 and 2001, arguing that the evidence is not relevant to the ultimate issue of whether plaintiff was terminated for discriminatory reasons in 2006. Defendants further argue that, even if relevant, the evidence's probative value is substantially outweighed by the danger of unfair prejudice because it would engender juror sympathy for the plaintiff.

Plaintiff objects to the motion. At trial, she intends to summarize her work history including the fact that she scheduled her chemotherapy treatments on her days off so

that she would not miss work. Plaintiff contends that this fact is relevant because she was fired, in part, for allegedly not being a "team player." The court agrees.

It is the defendants that have raised the accusation that plaintiff was not a "team player." Plaintiff is entitled to briefly cite the scheduling of her medical treatment in an attempt to counter that claim. The last year of treatment (2001) is not so far removed from the period in which defendants allege her performance "became unacceptable" (2004 onward [doc. 40, p.8]). Minimal mention of the treatment should not generate prejudice so substantial as to outweigh its probative value. Defendants' motion will be denied.

III.

Document 46

In December 2005, defendants' general manager Richard Osborn submitted a form to the State of Tennessee replacing plaintiff with a 23-year-old male, Anthony Harris, as East Lawn Funeral Home's registered "funeral director in charge." Defendants move for the exclusion of all evidence pertaining to that episode, arguing that such evidence is irrelevant: (1) because neither plaintiff's nor Harris's pay, title, or job duties changed as a result; and (2) because Osborn was "a nondecisionmaker with respect to Plaintiff's termination."

Defendants' motion will be denied. The evidence is relevant because it is one of the ways that plaintiff can attempt to show that she was replaced by a younger male. Further, although defendants now insist that the redesignation resulted in no changed job

duties, defendants' December 2006 response to the EEOC suggests otherwise. Therein, defendants stated that "Mr. Osborn felt that Mr. Harris was more qualified than [plaintiff] to perform *the duties associated with* the Funeral Director in Charge title . . . ." [Doc. 52, ex. 1] (emphasis added).

Further, it is not clear that Osborn was not "a decisionmaker with respect to plaintiff's termination." Osborn sent at least two faxes of employment records to the alleged decisionmaker, Jim Kriegshauser. The cover sheets for those faxes indicate that Osborn researched and compiled the documentation purportedly leading to plaintiff's firing. [Doc. 27, ex. 1]. The court is not at this time persuaded that Osborn, the general manager of the funeral home at which plaintiff worked, had no involvement in the firing decision. *See, e.g., Geiger v. Tower Auto.*, 579 F.3d 614, 624 (6th Cir. 2009) (considering, in part, whether the supervisor was "involved in the brainstorming sessions" or consulted about the plaintiff's qualifications).

IV.

Document 47

Between the December 2005 "funeral director in charge" redesignation and the February 2006 firing, Osborn allegedly twice asked plaintiff "how long she intended to work." Defendants move to exclude evidence of those questions, arguing: (1) that the statements are too ambiguous, abstract, and remote to be relevant; and (2) that Osborn was not a decisionmaker.

4

Osborn's decisionmaker status has already been discussed. As for the questions themselves, they are close in time to both plaintiff's firing and the "funeral director in charge" reassignment. The questioning is not overly ambiguous or abstract. Moreover, the questions are central to plaintiff's theory of the case as stated in her portion of the pretrial order. *See, e.g., Sprint/United Mgmt. v. Mendelsohn*, 552 U.S. 379, 388 (2008) ("The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case."). Defendants' motion will be denied.

V.

Document 48

At her deposition, plaintiff testified that during her alleged 2004 demotion defendants' former market manager Gene Davis told her "that he wanted someone that knew the computer like the back of their hand; that he wanted someone that knew every detail, cemetery and funeral, either better than I knew it or that [sic] he knew it." Defendants now move for the exclusion of any evidence of that alleged comment.

Plaintiff essentially counters that *any* statement by Davis "is relevant to the defendants' pattern of age and sex discrimination." [Doc. 52, p.7]. The court does not agree. The challenged "computer comment" is isolated, ambiguous, and thus not relevant. *See, e.g.,*

*Phelps v. Yale Sec.*, 986 F.2d 1020, 1025-26 (6th Cir. 1993). Defendants' motion will be granted.

VI.

Document 49

After her firing, plaintiff received unemployment compensation. Defendants move for the exclusion of all evidence referring to those benefits. Plaintiff does not oppose the motion. [Doc. 52, p.2]. There is no indication that the state agency unemployment proceedings are in any way probative of an issue now before this court. *See, e.g.,* Tenn. Code Ann. § 50-7-304(k); *Pascual v. Anchor Advanced Prods.*, No. 96-5453, 1997 WL 397221, at *4 (6th Cir. July 10, 1997). Defendants' motion will be granted.

VII.

Document 50

Defendants next move for the exclusion of any "improper references" to the "residence, office locations, and resources" of their attorneys and "the cost of [their] defense, or any aspect of it . . . ." [Doc. 50, p.2]. Defendants' use of the modifier "improper" is an apparent acknowledgment that reference to the identity and location of their trial counsel is a necessary component of voir dire.

Plaintiff does not oppose the motion. [Doc. 52, p.1]. Defendants' request to exclude any unnecessary references to their attorneys (and the cost thereof) will be granted.

## VIII.

## Document 51

Lastly, defendants object to four potential exhibits upon which plaintiff has allegedly written her "self-interested and subjective comments and opinions." However, none of these documents are presently before the court for review. The motion will therefore be denied with leave to renew should plaintiff attempt to offer these exhibits into evidence.

## IX.

## Conclusion

An order consistent with this opinion will be entered. This civil action remains set for trial to commence on August 23, 2010.

ENTER:

       s/ Leon Jordan     
United States District Judge